

# HELEN F. D[...]

80-02 Kew Ga[...]
T.[...]

**To (via ECF):**
Honorable Judge Philip M. Halpern,
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10467

> Application denied without prejudice. To the extent Plaintiff seeks a pre-motion conference in connection with a discovery dispute, that application is denied without prejudice for failure to comply with the Court's Individual Practices. Plaintiff may renew his request by filing a joint letter as set forth in Rule 4(D) or a letter explaining why he is unable to comply with that requirement, and which includes details concerning counsel's efforts to meet and confer.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> March 17, 2025

Re: *Ortega v. Healthy Choice Markets IV, LLC., et. al.*
Docket No.: 7:24-cv-05682-PMH

Dear Judge Halpern:

Our office represents Plaintiff in the above-referenced matter, and we respectfully submit this letter motion to respectfully request a protective order regarding Plaintiff's deposition in this matter. Healthy Choice Defendants noticed Plaintiff's deposition in-person at their office in Manhattan. In light of this, Plaintiff respectfully requests a protective order to appear for his deposition by remote means or at a court reporting location in this forum, White Plains, or Westchester County.

### I. Legal Argument

"[C]ourts retain substantial discretion to determine the site of a deposition," despite the general rule that "the party noticing the deposition usually has the right to choose the location." *Alpha Capital Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177 (S.D.N.Y. 2017); *Buzzeo v. Bd. of Educ.*, 178 F.R.D. 390 (E.D.N.Y. 1998) citing Fed. R. Civ. P. 30(b)(1). Additionally, "[o]rdinarily, the proper place for taking an individual's deposition is his or her place of residence." *Ambac Assurance Corp. v. Adelanto Pub. Util. Auth.*, 2012 U.S. Dist. LEXIS 64086 (S.D.N.Y. May 7, 2012). Lastly, "[p]laintiff having selected the forum in which the suit is brought, will be required to make himself or herself available for examination there." *City of Perry, Iowa v. Procter & Gamble Co.*, No. 15-cv-8051 (JMF), 2017 U.S. Dist. LEXIS 94887, 2017 WL 2656250, at *1 (S.D.N.Y. June 20, 2017). Plaintiff notes that he is a resident of the County of Westchester as he resides in Yonkers, and that this matter is pending in the SDNY White Plains Courthouse.

Importantly, the Federal Rules of Civil Procedure specifically allow for taking depositions by telephone or other remote means. Fed. R. Civ. P. 30(b)(4). The Local Rules of this district also allow the Court to grant any motions to take a deposition telephonically or by virtual means. *See* Rule 30.2 of the Local Rules. Plaintiff also notes that reasons to conduct a deposition in-person (as opposed to conducting it by remote means), such as viewing a witness's demeanor during questioning in person, or the possible inability to present documents to cross examine a witness, are generally unpersuasive to courts in this district. *See Rouviere v. Depuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 2020 U.S. Dist. LEXIS 122184 (collecting cases); *Floodbreak LLC v. T. Moriarty & Son, Inc.*, No. 23-CV-6185, 2024 U.S. Dist. LEXIS 192514

(E.D.N.Y. Oct. 23, 2024) (collecting cases). Importantly, "[a]lthough the lawyers might gain some marginal value by observing the witness in person, ultimately the purpose of a deposition is to gather information and commit a witness's testimony. The product of the deposition is the transcript and video footage, which will be unaffected whether the deposition is conducted remotely or in person." *In re Terrorist Attacks on September 11, 2001,* 337 F.R.D. 575, 2020 U.S. Dist. LEXIS 224721, 2020 WL 8610894 (finding that remote depositions are safe, effective, and efficient). Moreover, Courts have the discretion to extend the time to take a remote deposition if translation services are required. *Id.* Additionally, possibility of technical issues is not a sufficient reason to refuse to use videoconferencing for depositions. *Id.* Lastly, "conducting depositions remotely is becoming the 'new normal'" since the COVID-19 pandemic. *Rouviere v. Depuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 2020 U.S. Dist. LEXIS 122184.

Finally, "[t]he language and spirit of the Federal Rules of Civil Procedure provide trial judges with the authority to structure trials efficiently and fairly." *Simon v. Philip Morris Inc.*, 200 F.R.D. 21, 26 (E.D.N.Y. 2001); *Floodbreak LLC v. T. Moriarty & Son, Inc.*, No. 23-CV-6185, 2024 U.S. Dist. LEXIS 192514 (E.D.N.Y. Oct. 23, 2024)(finding that holding depositions remotely favors "interests of fairness and the furtherance of a 'just, speedy, and inexpensive' resolution").

Here, Healthy Choice Defendants noticed Plaintiff's deposition at their office located at 3 WTC, 175 Greenwich Street – 55th Floor, New York, NY 10007, outside of this forum located in Westchester County. Additionally, Plaintiff notes that he is a resident of the County of Westchester as he resides in Yonkers. Therefore, Plaintiff has made himself available for a deposition in the location in which he brought this matter.

Moreover, counsel for Plaintiff initially requested that Plaintiff's deposition be held remotely on February 14, 2025, rather than in defense counsel's lower Manhattan office. Importantly, counsel for Plaintiff believes that it would be effective to hold depositions remotely for all participants involved because (1) Plaintiff himself resides in Yonkers; (2) counsel for Plaintiff office is located in Queens, NY; and (3) Green Defendants' counsel's office is located in Long Island, NY. Therefore, to avoid any issues and/or delays in regards to commuting for the majority of the group attending the deposition, counsel for Plaintiff believes that a remote deposition is appropriate in this matter. In response to the request to hold depositions remotely, counsel for Defendants stated he intends to depose Plaintiff remotely unless he lives outside of the tri-state area.

On March 13, 2025, counsel for Healthy Choice Defendants again requested that Plaintiff's deposition be held in-person at their office. On the same date, counsel for Plaintiff again reiterated that we do not agree to holding this deposition in-person at counsel for Healthy Choice Defendants' office in lower Manhattan. Counsel for Plaintiff reiterated that it will be appropriate to hold these depositions remotely, especially in light of the fact that Healthy Choice Defendants' witness, Mr. Holman, will be appearing for his deposition remotely as he currently does not reside in New York. Moreover, counsel for Plaintiff reiterated Plaintiff's willingness to appear for a deposition in White Plains/Westchester County, where this matter is pending.

Here, counsel for Defendants' reason for conducting the deposition in person is that "To the extent you are saying he needs a translator, that is even more reason why it should be done in person and avoid the cumbersome nature of a virtual deposition with a translator in different rooms from me and the witness." This reason is wholly unpersuasive. Remote depositions have become the "new normal," and most court-reporting agencies and translation services offer remote services, that are often seamless. Additionally, if counsel for Defendants is concerned

about any translation issues during a zoom deposition, the Court can grant a protective order in favor of Defendants extending additional time for a deposition, in the event of any translation issues. Moreover, the issues in this FLSA case are not complex – the parties are disputing facts regarding Plaintiff's work hours, duties, and pay, which should not involve any technical terms or phrases that might be difficult to translate from English to Spanish or Spanish to English. Therefore, a remote deposition will not be cumbersome in this matter.

## I.     Conclusion

For the reasons stated above, Plaintiff respectfully requests a protective order allowing him to appear for a deposition remotely. If the Court finds counsel for Defendants' arguments for an in-person deposition persuasive, Plaintiff respectfully requests a protective order allowing him to testify in-person Westchester County (or in White Plains) where he resides and where this matter is currently pending.

We thank the Court for its kind consideration in this matter and remain available to provide any additional information.

Respectfully submitted,

*/s/KatelynSchillaci*

_____

Katelyn Schillaci, Esq.

CC (via ECF):
*Counsel for All Defendants*